UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HUSTON BELVETT,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; Commissioner MARTIN F.
HORN; Chief of Department CAROLYN THOMAS;
Deputy Commissioner RICHARD R. WHITE; Warden
EDMUND DUFFY; Warden EMMANUEL BAILEY;
Assistant Deputy Warden CHARLTON LEMON, Shield #
109; Captain THEO PRIMM, Shield # 1497, and Officers
JOHN DOES # 1-10,

                              Defendants.

------------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER
CONCERNING INSPECTION
OF CERTAIN N.Y.C. DEPT.
OF CORRECTION
FACILITIES**

09 CV 8090 (VM)(AJP)

       **WHEREAS**, plaintiff has requested that the City of New York provide him with access to certain areas of the facilities of the New York City Department of Correction ("DOC facilities") for the purposes of inspecting, and photographing the premises, pertaining to the above-referenced case, specifically including: the "7 main" housing area, including showers, at the George Motchan Detention Center ("GMDC") and the "3LN" area, including area between "a" and "b" gates, and the intake/search area, including shower area at the Robert N. Davornen Center ("RNDC");

       **WHEREAS**, because of security concerns, the City of New York deems photographs and any information or document depicting the likeness of DOC facilities privileged and/or confidential; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS,** defendants object to granting plaintiff access to DOC Facilities for the purpose of taking photographs and/or making drawings unless appropriate protection for confidentiality is assured and that plaintiff agrees to and abides by the terms and conditions set forth below; and

**WHEREAS,** defendants believe that the taking of photographs and/or making any drawings may implicate security concerns, which defendants believe would be harmful to the privacy, governmental and law enforcement interests of the City, its employees, and/or its contractors or sub-contractors; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants as follows:

1. As used herein, "Confidential Materials" shall mean the photographs, negatives or digital camera files or film, print images, drawings and/or sketches, notes, computer generated likenesses or visual depictions of any kind whatsoever relating to the visit of DOC Facilities. These documents and/or images are considered confidential because of security, law enforcement, governmental and/or privacy interests of the New York City Department of Correction, its employees, contractors and subcontractors, except that such documents and/or images shall not be deemed "Confidential Materials" to the extent, and only to the extent, they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The Confidential Materials are for "attorneys' eyes" only and plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

    (a) Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action; and

    (b) Disclosure before trial may be made only to an expert(s) who has/have been retained or specially employed by the attorneys in this action, in anticipation of litigation or preparation for this action, or to a witness or a prospective witness or to the Court. The Confidential Materials may be disclosed to plaintiff only to the extent that plaintiff was allegedly involved in an incident in the specific area depicted. Plaintiff may not disclose the Confidential Materials to anyone.

    (c) In the event a conflict arises between the parties as to whether plaintiff's counsel may show the Confidential Materials to a potential deponent, or other person described in subsection (b) hereof, plaintiff's counsel agree not to do so until such time that the parties can obtain a ruling from the Court in this regard; and

    (d) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the

prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys.

3. Plaintiff's counsel shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

4. Plaintiff's attorneys shall provide any individual accompanying them to the DOC Facilities with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed as Exhibit A, not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials other than to the parties. The original of each signed consent shall be retained by plaintiff's attorneys and a copy thereof shall be given to counsel for defendants within a reasonable time in advance of and prior to the inspection.

5. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials may be marked or designated confidential, and that portion of such transcript designated marked confidential, shall be confidential. If any Confidential Material is an exhibit to a deposition, that exhibit shall be deemed confidential.

6. If any party intends to file the Confidential Materials with the Court, in conjunction with a motion for summary judgment of otherwise, the party seeking to do so must first seek leave of the Court to file under seal pursuant to the rules of the Court. If plaintiff intends to present any of the Confidential Materials at a hearing or trial, plaintiff must first notify the defendants in writing of his intention to use such materials with specificity at least five days prior to his intended use. If defendants do not consent to the de-designation of the Confidential

Materials for presentation at the trial or hearing, plaintiff must present the Confidential Materials to the Court for a ruling on whether the Confidential Materials shall be de-designated for presentation at the hearing or trial.

7. Any Confidential Materials that will be filed under seal shall be placed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. In addition, where reasonable advance notice is given by plaintiff and the parties agree in writing to the use of the Confidential Materials in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant Protective Order. Upon a showing that the Confidential Materials may be disclosed at a hearing or at trial, and the disclosure should be protected, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

9. In the event the Court finds the Confidential Materials admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to

testify about them, provided that such witnesses acknowledge, either in writing or on the record, his or her understanding of the Protective Order and the fact that he or she is bound by its terms.

10. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all original, copies and non-conforming copies of any photographs, negatives or digital camera files and/or film, print images, sketches, computer-generated likenesses or visual depictions, notes and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed (except as to attorney work product materials which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

11. The parties agree that plaintiff's attorneys and/or anyone accompanying them to the DOC facilities shall NOT under any circumstances photograph or draw in any fashion any prisoner or police or correction personnel whether in uniform or not, that are observed at DOC Facilities. The parties also agree that plaintiff's attorneys and/or anyone accompanying them to the DOC facilities may not bring or use a tape recorder or video camera or wide-angle camera, and may not use a cell phone camera.

12. Due to security, law enforcement, governmental and/or privacy interests of the New York City Department of Correction, counsel for defendants does NOT permit under any circumstances plaintiff's counsel and/or anyone accompanying them to inspect, photograph or draw in any fashion, the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, door knobs and/or similar equipment used to secure the doors, gates and windows. Plaintiff's attorneys recognize the legitimate

6

security concerns of defendants and agree not to take any close up photographs of these items, but will not agree to a complete ban on any photography that incidentally include these items because photographs of these may need to be taken in order to properly photograph the areas where the alleged incident occurred. During the inspection, the parties agree to in good faith attempt to resolve this matter. If the parties cannot resolve such matters after a good faith effort, then the parties reserve their right to seek relief from the Court. Plaintiff's counsel agrees NOT to take any photographs and/or draw sketches of disputed items without first obtaining an Order of the Court.

13. Plaintiff's attorneys and/or anyone accompanying them to the site visit shall not speak to any prisoner for any reason.

14. Plaintiff's attorneys, and/or anyone accompanying them to the site visit shall not interview or question any New York City Department of Correction staff for any reason, unless given explicit permission to do so by defendants' attorneys.

15. If at any time it appears to defendants' counsel and/or New York City Department of Correction staff present during the site visit that plaintiff's attorneys or anyone accompanying them, whether inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, plaintiff's attorneys and anyone accompanying them will be immediately directed and expected to cease inspecting, photographing and/or drawing and the site inspection shall be terminated. At that time, if necessary, the parties will endeavor to resolve the dispute in question in good faith. If the parties cannot resolve such matters after a good faith effort, then the parties reserve the right to seek relief from the Court.

16. Plaintiff's counsel shall provide within thirty (30) days of the site inspection, the defendants' attorneys with duplicates of all photographs and/or drawings taken or sketched during the above mentioned site visit, regardless of their quality and shall designate in good faith such documents as Confidential Materials by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to defendants' counsel. The City of New York reserves the right after inspection of these documents, and if necessary, to determine whether a prohibited item, area or individual as described above, has been photographed and/or sketched by plaintiff's counsel and/or anyone accompanying them. Defendants will inform plaintiff's attorneys of such determinations within a reasonable time frame after receipt of the photographs and/or drawings. Plaintiff's counsel will, within ten (10) days after receipt of defendants' objections, respond in writing to defendants' determination concerning the photography and/or drawings of the prohibited item, area or persons. If the parties cannot resolve such matters after a good faith effort, then defendants may seek relief from the Court. While the resolution of such matters is pending before the Court, the disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing or by Order of the Court.

17. Plaintiff's attorneys shall provide defendants' attorneys all necessary information regarding the identities of counsel and any other persons who participate in the site visit at least 48 hours prior to inspection.

18. The parties agree to jointly request the Court enter this Stipulation and Protective Order as an Order of the Court. The failure of the Court to enter this Stipulation and Protective Order shall not void or otherwise alter the agreement between the parties.

19. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' objection to, or use of, the Confidential Materials in any manner.

Dated:  New York, New York
        April 30, 2010

EMERY CELLI BRINCKERHOFF &
ABADY, LLP
Andrew G. Celli, Jr.
Elizabeth S. Saylor
75 Rockefeller Plaza
New York, New York 10019
(212) 763-5065

LEGAL AID SOCIETY
Jonathan Chasan
Mary Lynne Werlwas
Prisoners' Rights Project
199 Water Street, 6th Floor
New York, NY 10038

By: _____

*Attorneys for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
100 Church Street
New York, New York 10007
(212) 788-1816

By: _____
GABRIEL HARVIS
Assistant Corporation Counsel
Special Federal Litigation

*Attorney for Defendants*

SO ORDERED: 7 May 2010

_____
U.S.D.J.   Victor Marrero

9

# EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Concerning Inspection of Certain N.Y.C. Dept. of Correction Facilities dated April , 2010, entered in the United States District Court for the Southern District of New York in the action entitled <u>Huston Belvett v. The City of New York, et al.</u>, 09 CV 8090 (VM)(AJP) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                                              Signature

                                                  _____
                                                  Print Name

                                                  _____
                                                  Occupation