USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-17-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HUSTON BELVETT,

                              Plaintiff,

            -against-

CITY OF NEW YORK; Commissioner MARTIN F.
HORN; Chief of Department CAROLYN THOMAS;
Deputy Commissioner RICHARD R. WHITE; Warden
EDMUND DUFFY; Warden EMMANUEL BAILEY;
Assistant Deputy Warden CHARLTON LEMON, Shield #
109; Captain THEO PRIMM, Shield # 1497, and Officers
JOHN DOES # 1-10,

                              Defendants.

------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATON**

09 CV 8090 (VM)(AJP)

       **WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

       **WHEREAS**, good cause exists for the entry of an order in the above-captioned lawsuit, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

       1.    As used herein, the "Action" shall mean the lawsuit captioned above. "Confidential Materials" shall mean: (a) medical records concerning plaintiff; (b) personnel and/or disciplinary related records of the New York City Department of Correction; (d) documents that the parties agree are subject to this Order; and (e) any documents that the Court directs to be produced subject to this Order.

2.  Neither plaintiff's nor defendants' attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in the Action, except that nothing herein shall limit a party's use of its own Confidential Materials.

3.  In order to designate documents or other material as "Confidential" within the meaning of this Protective order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys. The Producing Party may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

4.  Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that Party or any member of the staff of that attorney's office, except under the following conditions:

   a.  Disclosure may be made only if necessary to the preparation or presentation of a party's case in the Action.

   b.  Disclosure before trial may be made only to the parties in this action or their attorneys, to an expert who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

   c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other

than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing Party upon request, but only with respect to those witnesses who are identified by a party pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials may be marked or designated confidential, and that portion of such transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked **"CONFIDENTIAL."** Such portion of the transcript and exhibits shall be Confidential Materials within the meaning of this Stipulation and Protective Order. If any Confidential Material is an exhibit to a deposition, that exhibit shall be deemed confidential and separately bound, with a cover page prominently marked **"CONFIDENTIAL."**

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be

maintained separate and apart from the publicly available files of this case.

7. Nothing in this Protective Order shall preclude the parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as "Confidential Materials."

8. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Materials" to the extent that such documents or materials (a) are obtained from sources other than the Producing Party, with the exception of materials obtained pursuant to a party's authorization for the release of such documents, or (b) are otherwise publicly available.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes- only" the address, telephone number, social security number, and date of birth, and other confidential information regarding witnesses identified by the production of documents or otherwise identified in the production of Confidential Materials. Such information shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court without consent of the Producing Party.

10. Notwithstanding the foregoing provisions, where the Confidential Information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of confidential information would be sufficient to protect the interests of the Producing Party, the parties may file redacted documents without further order of the Court.

11. The parties may seek modification of this Stipulation and

Protective Order, and either party may seek review of confidentiality designations under this Order by application to the Court for good cause shown at any time during the course of this litigation. Notwithstanding the provisions of this Stipulation and Protective Order, if plaintiff, plaintiff's attorneys or anyone on plaintiff's behalf ("plaintiff or plaintiff's representatives") make public representations outside of the proceedings of this matter, the substance of which concerns physical, psychiatric, emotional, or mental injuries to plaintiff allegedly caused by defendants, defendants or defendants' attorneys may disclose the Confidential Material to specifically rebut plaintiff's or plaintiff's representatives' representations. Such Confidential Material must be specific to the rebuttal of plaintiff's or plaintiff's representatives' representations.

12. This Stipulation and Protective Order may be filed with the Court bearing facsimile or scanned signatures of counsel as though originals.

13. Within 90 days after the termination of this case, including any appeals, the Confidential Materials shall be returned to its source, subject to either party demonstrating good cause why certain particular Confidential Material should not be returned, but rather retained.

Dated: New York, New York
May 13, 2010

EMERY CELLI BRINCKERHOFF        MICHAEL A. CARDOZO
ABADY, LLP                                        Corporation Counsel of the
Andrew G. Celli, Jr.                          City of New York
Elizabeth S. Saylor                           100 Church Street
75 Rockefeller Plaza                       New York, New York 10007
New York, New York 10019           (212) 788-1076
(212) 763-5065

By: _____
Gabriel Harvis
LEGAL AID SOCIETY                 Assistant Corporation Counsel
Jonathan Chasan                        Special Federal Litigation
Mary Lynne Werlwas
Prisoners' Rights Project
199 Water Street, 6th Floor           *Attorney for Defendants*
New York, NY 10038

By: _____

*Attorneys for Plaintiff*

SO ORDERED: 17 May 2010

_____
HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled <u>Belvett v. City of New York, et al.</u>, 09 Civ. 08090 (VM) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                                                Signature

                                                                                        _____
                                                                                        Print Name

                                                                                        _____
                                                                                        Occupation